**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 24-cv-21362**

PURPLE INNOVATION, LLC,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        Defendants.

_____/

**<u>MOTION TO DISMISS</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Henson Holdings, LLC d/b/a SelectSoma ("Defendant" or "SelectSoma"), through its undersigned counsel, submits this Motion to Dismiss Plaintiff Purple Innovation, LLC's ("Plaintiff" or "Purple") Complaint against SelectSoma ("Motion to Dismiss") with prejudice and in support of states:

1.      Purple and SelectSoma have previously resolved the disputes that Purple improperly brings forth in its current Complaint;

2.      Purple has previously released the patent infringement claims it currently brings against SelectSoma; and

3.      Purple's Complaint and the allegations contained therein are mere formulaic recitation of the elements of claims for trademark and patent infringement that are insufficient to meet pleading requirements.

WHEREFORE, SelectSoma requests this Court grant its Motion to Dismiss Purple's remaining patent infringement claims against SelectSoma with prejudice and find that SelectSoma is entitled to its attorneys' fees and costs incurred related to this litigation.

Dated:  July 10, 2024.

Respectfully submitted,

*/s/ Nardo Dorsin*
Nardo Dorsin
Florida Bar Number 126301
**POLSINELLI PC**
315 S. Biscayne Blvd., Suite 400
Miami, FL  33131
Telephone:   (305) 921-1811
Facsimile:    (305) 921-1801
ndorsin@polsinelli.com

Michael D. Pegues (Admitted *Pro Hac Vice*)
**POLSINELLI PC**
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone:  (214) 397-0030
MPegues@polsinelli.com

Melenie Van (Admitted *Pro Hac Vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  (310) 556-1801
mvan@polsinelli.com

*Counsel for Defendant Henson Holdings, LLC d/b/a SelectSoma*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing was filed and

served on the following:

Rossana Baeza
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
rbaeza@bsfllp.com
*Attorneys for Plaintiff*


*/s/ Nardo Dorsin*
Nardo Dorsin

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................. 2

    a.  ██████████████████████████████████████
       ████████ ......................................................................................... 2

    b.  █████████████████████████████████████ ........... 5

    c.  Purple's Complaint Fails to Provide Any Fact that Pertains to SelectSoma. ..................... 7

III.  LEGAL STANDARD ....................................................................................... 9

    a.  Motion to Dismiss Under Rule 12(b)(1) ................................................. 9

    b.  Motion to Dismiss Under Rule 12(b)(6) ............................................... 10

IV.  ARGUMENT ................................................................................................. 11

    a.  Purple's Claims Should be Dismissed Pursuant to 12(b)(1) Because There is a Lack of Subject Matter Jurisdiction. ............................................................ 11

    b.  The Court May Consider Exhibits A-E for 12(b)(6) Purposes. ........................................ 13

    c.  Purple's Complaint is Insufficient and It Should be Dismissed Pursuant to 12(b)(6)...... 14

V.   REQUEST FOR SELECTSOMA'S ATTORNEYS' FEES AND COSTS ......................... 16

VI.  CONCLUSION ................................................................................................ 17

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American United Life Ins. Co. v. Martinez,*
480 F.3d 1043 (11th Cir. 2007) ...........................................................................10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .............................................................................................10

*Ballance v. HHH Mgmt., Inc.,*
No. 21-80876-CV, 2022 WL 19766331 (S.D. Fla. Jan. 13, 2022) .........................11

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)..............................................................................................10

*In the Matter of Certain Pillows and Seat Cushions, Components Thereof, and*
*Packaging Thereof,*
Case No. 337-TA-1328.............................................................2, 3, 5, 6, 11, 12, 13

*Carmichael v. Kellogg, Brown & Root Servs., Inc.,*
572 F.3d 1271 (11th Cir. 2009) ..............................................................................9

*Contessa Food Prod., Inc. v. Conagra, Inc.,*
282 F.3d 1370 (Fed. Cir. 2002), *abrogated on other grounds by Egyptian*
*Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008) ...................................13

*Day v. Taylor,*
400 F.3d 1272 (11th Cir. 2005) .............................................................................13

*Horsley v. Feldt,*
304 F.3d 1125, 1134 (11th Cir. 2002) ...................................................................13

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.,*
544 F. Supp. 3d 1323 (S.D. Fla. 2021) ....................................................................9

*Maxcess, Inc. v. Lucent Techs., Inc.,*
433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ..............................................10, 11, 13

*McElmurray v. Consol. Gov't,*
501 F.3d 1244 (11th Cir. 2007) ..............................................................................9

*MSPA Claims I, LLC v. Century Sur. Co.,*
No. 16-20752-CIV, 2017 WL 998282 (S.D. Fla. Mar. 15, 2017) ..........................10

i

*OSI, Inc. v. United States*, 285 F.3d 947,
    951 (11th Cir. 2002) ..............................................................................................9

*Physician's Cent. Bus. Off. & Affiliate v. Underwriters at Lloyd's, London*,
    No. 1:20-CV-23592, 2024 WL 580345 (S.D. Fla. Feb. 13, 2024) ...................................10, 13

*Purple Innovation v. Chuang Fan Handicraft et al*,
    Case No. 2:22-cv-00620-HCN-DAO ..........................................................3, 4, 5, 6, 11, 12, 13

**Other Authorities**

Fed. R. Civ. P. 12(d) ............................................................................................11

Fed. R. Civ. P.  12(b)(1) ....................................................................................1, 9, 11

Fed. R. Civ. P.  12(b)(6) ................................................................................1, 9, 10, 14

Fed. R. Civ. P.  56 ...............................................................................................11

## MEMORANDUM OF LAW AND POINTS & AUTHORITIES

## I.    INTRODUCTION

Plaintiff Purple Innovation, LLC's ("Purple") Complaint (ECF No. 1) ("Compl.") against Defendant Henson Holdings, LLC d/b/a SelectSoma ("Defendant" or "SelectSoma") should be dismissed for the following reasons: (1) the parties have previously resolved and released the trademark and patent infringement claims; thereby, depriving this Court of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) Purple's allegation of patent infringement is a mere formulaic recitation of the claim element and is insufficient to meet pleading requirements pursuant to Federal Rule of Civil Procedure 12(b)(6).



Additionally, in another matter that arose involving SelectSoma's Amazon Canada product listing, Purple mistakenly targeted the currently accused SelectSoma product but later retracted the complaint to Amazon . Hence, Purple has prejudicially filed yet another Complaint against SelectSoma Counsel for Purple recently dismissed its trademark and counterfeit claims with the trademark claim

[1] A true and correct copy of this document is attached hereto as **Exhibit A**.

███████  being dismissed with prejudice. *See* ECF No. 26.  ████████████████████
████████████████████  Purple has refused to dismiss its remaining design patent
infringement claims.

Purple's product configuration, previously described as its trade dress and embodied in its
design patents under contention in this litigation, consists of, as described by Purple, a gelatinous
elastomeric material shaped into a repetitive grid pattern. This repetitive grid pattern is the same
configuration approved for use by SelectSoma so long as it was sold in a light or dark blue color.
Consequently, SelectSoma's light blue-colored repetitive grid patterned product configuration
should not be an issue in this litigation.

What is even more surprising is that ████████████████████████████████████
████████████████████, SelectSoma or the SelectSoma product configuration at-issue.
Purple's Complaint does not provide any details as to how SelectSoma's Purple-approved product
infringes any of Purple's design patents. Purple simply lumps SelectSoma together with the other
un-related Defendants and provides a mere formulaic recitation of the elements of its causes of
actions.

In light of ████████████████  and Purple's insufficient pleadings, SelectSoma
hereby requests the Court to dismiss Purple's design patent infringement claims with prejudice
and find that SelectSoma is entitled to its attorneys' fees and costs ████████████████.

## II.    STATEMENT OF FACTS

**a.**    ████████████████████████████████████████████
████████████████████

On August 5, 2022, Purple filed a complaint at the International Trade Commission
("ITC") against SelectSoma and other defendants resulting in the ITC investigation styled *In the
Matter of Certain Pillows and Seat Cushions, Components Thereof, and Packaging Thereof*, Case

No. 337-TA-1328 ("ITC Investigation").[2] On September 22, 2022, Purpled filed a complaint in the United States District Court, District of Utah against SelectSoma and defendants in the case styled *Purple Innovation v. Chuang Fan Handicraft et al*, Case No. 2:22-cv-00620-HCN-DAO ("Utah Litigation").[3] Both complaints alleged that defendants infringed Purple's trade dress, trademarks, and patents. *See generally* Exs. B and C. The at-issue Purple trademarks and patents in the ITC Investigation and Utah Litigation were the following:

| U.S. Trademark Registration No. | U.S. Patent Nos. |
|---|---|
| 5,661,556 | D 909,092 S |
| 6,551,053 | 10,772,445 |
| | 10,863,837 |

Ex. B at ¶ 150-163; Ex. C at ¶¶ 62-63, 66-68. These allegations are the same as those in the current matter – defendants are distributing products that are either identical to or closely resemble Purple's products, which feature the Purple trademarks and patents. *See generally* Compl.; Exs. B and C.



---

[2] A true and correct copy of the ITC Investigation complaint is attached hereto as **Exhibit B**.

[3] A true and correct copy of the Utah Litigation complaint is attached hereto as **Exhibit C**.

3

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████

████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████



Ex. 3 to Larson Decl. at p. 117.

Purple previously confirmed this product was allowed through another matter that occurred ████████████████████. During March 2023, Red Points, a third-party brand protection company, submitted a complaint to Amazon Canada regarding the same SelectSoma product-at-issue.[4] The complaint submission resulted in SelectSoma's products being withheld in not only Canada, but also in the United States as the Amazon Canadian listing's inventory originated from the inventory in the United States. *See* Ex. D at p. 3. After SelectSoma provided a copy of the

---

[4] A true and correct copy of March 2023 email correspondences between Red Points and SelectSoma is attached hereto as **Exhibit D**.

███████████████████ to Red Points, Red Points retracted the complaint and the SelectSoma

product-at-issue was reinstated. *Id*. at p. 1-2.



**b.** ███████████████████████

---

[5] Counsel for Purple has stipulated to the dismissal of the trademark and counterfeit claims against SelectSoma. *See* ECF No. 26.



In the ITC Investigation and Utah Litigation, Purple provided that its design patent rights are "associated with…features" in Purple's "unique mattresses, pillows, and seat cushions all [which] utilize the same overall product design…an elastomeric material that…is uniformly colored purple…formed into a repeating "grid" pattern of varying shapes." Ex. C at p. 1-2; Ex. D at p. 14. ███████████████ ███████████ encompasses the overall visual impression of the products embodied by Purple's patents-at-issue at the ITC and Utah district court.

Now in Purple's current Complaint, it states that "PURPLE INNOVATION Products in many instances embody at least a portion of the design depicted in the PURPLE INNOVATION Patent[s]." Compl. at ¶ 22. Purple has previously asserted that its products "all utilize the same overall product design," so the current patents-at-issue claim the same elements and overall visual impression featured in its products: uniform, purple-colored elastomeric material in a repeating pattern form. *See* Ex. C at p. 1-2; Ex. D at p. 14. Out of the seven design patents currently asserted by Purple, five patents existed at the time of ███████████████ D959,176 S; D951,670 S; D917,926 S; D909,790 S; and D 909,092 S. *See* Ex. 2 to Compl. Patent Nos. D991,706 S and D990,930 S issued after December 8, 2022; however, these patents were filed in 2021 as continuation-in-parts of Patent Nos. D917927 S and D917206 S, respectively. *Id.* Patent Nos. D917927 S and D917206 S were issued in 2021.[7] Consequently, ███████████

---

[6] In its complaint at the ITC and District Court of Utah, Purple also stated that its "mattresses, pillows, and seat cushions have certain design elements that, taken together, constitute the Purple Trade Dress." Ex. B at p. 35; Ex. C at p. 16.

[7] True and correct of copies of Patent Nos. D917927 S and D917206 S are attached hereto as **Exhibit E**.

███████████████████████████████████████████████████

███████████████████████████████

**c.      Purple's Complaint Fails to Provide Any Fact that Pertains to SelectSoma.**

On April 11, 2024, Purple filed its Complaint against various Defendants, including SelectSoma, alleging claims of trademark infringement, counterfeiting, and design patent infringement. *See* Compl. On June 26, 2024, Purple and SelectSoma stipulated to the dismissal of Purple's trademark infringement and counterfeiting claims. *See* ECF No. 26. The trademark claims that were █████████████████████████ and brought in the instant action were dismissed with prejudice. *Id.* The Purple Patents that remain at-issue against SelectSoma are the following:

| U.S. Patent Nos. |
|---|
| D991,706 S |
| D990,930 S |
| D959,176 S |
| D951,670 S |
| D917,926 S |
| D909,790  S |
| D 909,092 S |

Compl. at ¶ 1-2.

Purple broadly defined Defendants. Compl. at p. 1, ¶ 4; ECF No. 25 at p. 3 ("Schedule A"). Not once did Purple address SelectSoma individually. *See generally* Compl. The SelectSoma product-at-issue was identified in Exhibit C to the Larson Declaration in support of its Motion for TRO. *Id*. The alleged product-at-issue is:



Ex. 3 to Larson Decl. at p. 117. ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

Purple lumped SelectSoma into its general infringement claims and allegations against all "Defendants" that are bare bones, conclusory, and a mere recitation of the elements for its causes of action. The basis of these claims is that "Defendants are improperly advertising, marketing and/or selling unauthorized and noncompliant products…that embody the design(s) depicted in the PURPLE INNOVATION Patents (the "Counterfeit Products")." Compl. at ¶ 3. Purple further alleges the following:

- "Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation."

- "Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores."

- "[M]any Defendant Internet Stores use privacy services that conceal the owners' identity and contact information. On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A, as well as other unknown fictitious names and addresses."

Compl. at ¶¶ 7, 34, 36. Purple does not include specifically how SelectSoma allegedly conceals its identity, the scope of SelectSoma's counterfeiting operation, or what multiple Internet Stores SelectSoma allegedly maintains. *See generally* Compl. The reasons for the lack of information as to SelectSoma is because there is no basis for these allegations. SelectSoma has openly sold the allegedly infringing but Purple approved product configuration and color as shown in Exhibit C to the Larson Declaration (p. 117) ███████████████████████████████. Purple has not identified any other "Internet Store" that SelectSoma allegedly sells the product-at-issue on. In light of the foregoing, the Court should find that Purple's allegations are insufficient to sustain a cause of action against SelectSoma. Such lack of diligence in filing a complaint that contains inadequate and false information does not pass the pleading requirements required under federal rule.

### III.     LEGAL STANDARD

#### a.     Motion to Dismiss Under Rule 12(b)(1)

"A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure can be asserted on facial or factual grounds." *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1329 (S.D. Fla. 2021) (Hon. Gayles) (citing *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). Relevant here, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered.' " *Id.* (citing *McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007)). Under a factual challenge, "no presumptive truthfulness attaches to [a] plaintiff's allegations and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction." *Id.* (citing *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002)) (internal quotations omitted).

### b.        Motion to Dismiss Under Rule 12(b)(6)

"The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint." *MSPA Claims I, LLC v. Century Sur. Co.*, No. 16-20752-CIV, 2017 WL 998282, at *2 (S.D. Fla. Mar. 15, 2017) (Hon. Gayles). Rule 12(b)(6) "permits dismissal of a complaint that fails to state a claim upon which relief can be granted." *Id.* A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; however, a plaintiff is still obligated to provide the "grounds" for their entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff." *MSPA Claims I*, 2017 WL 998282, at *2 (citing *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007)). "However, once a court 'identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth,' it must determine whether the well-pled facts 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a 12(b)(6) motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Id.* (citing *Twombly*, 550 U.S. at 555).

### i.        Considering Documents Outside the Pleading

In considering a 12(b)(6) motion, the court is largely limited to the allegations in the complaint and the attached exhibits. *Physician's Cent. Bus. Off. & Affiliate v. Underwriters at Lloyd's, London*, No. 1:20-CV-23592, 2024 WL 580345, at *6 (S.D. Fla. Feb. 13, 2024) (Hon. Gayles). "However, a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Id.* (citing

*Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005)). If the document presented meets these requirements, the court may take judicial notice of the document for purposes of the motion but is not required to convert the 12(b)(6) motion into one for summary judgment under Rule 56. *Ballance v. HHH Mgmt., Inc.*, No. 21-80876-CV, 2022 WL 19766331, at *1 (S.D. Fla. Jan. 13, 2022); Fed. R. Civ. P. 12(d).

## IV.    ARGUMENT

### a.    Purple's Claims Should be Dismissed Pursuant to 12(b)(1) Because There is a Lack of Subject Matter Jurisdiction.

Under Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction over Purple's remaining claims against SelectSoma because (1) the parties have previously agreed that the disputed SelectSoma product does not infringe Purple's product configuration patents and (2) ███████████████████████████████████████████████████████████████████ ████████████████████ There are no remaining issues to establish subject matter jurisdiction in this Court. Therefore, Purple's patent infringement claims should be dismissed with prejudice.

#### i.    Purple Previously Approved the Sale of the Disputed Product.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████ SelectSoma has been openly selling

the Purple-approved product in an approved color as shown below:



Ex. 3 to Larson Decl. at p. 117. Purple and SelectSoma have been in this precarious ██████████

situation in the past. *See supra* section II(a); *see also* Ex. D. In that instance, Purple's then brand

protection partner Red Points flagged the same SelectSoma's product-at-issue in this litigation for

removal from Amazon Canada but later retracted the complaint after it was provided a copy of the

████████████████████ *Id*. Obviously, Purple was fully aware of ████████████████ and its

approval of the product-at-issue prior to it initiating this lawsuit. It was also aware of the retraction

in Canada yet it filed this unwarranted lawsuit. This Court should therefore find that the parties

previously resolved the disputes at-hand thus eliminating its subject matter jurisdiction over the

pending lawsuit.  This lawsuit should be dismissed with prejudice.

      **ii.** ██████████████████████████████████████

Purple's Complaint characterizes its design patents-at-issue as "…embodying at least a

portion of the design depicted in the PURPLE INNOVATION Patent." Compl. at ¶ 22. This is

analogous to the allegation and description used by Purple at the ITC Investigation and Utah

Litigation: Purple's design patent rights are "associated with…features" in Purple's "unique mattresses, pillows, and seat cushions all [which] utilize the same overall product design." Ex. B at p. 1-2; Ex. C at p. 14. Therefore, the overall visual impression claimed by Purple's patents at-issue during the ITC Investigation, Utah Litigation, and ███████████████ is the same overall visual impression claimed by the currently asserted patents: mattresses, pillows, and seat cushion that are uniform, purple-colored elastomeric material in a repeating pattern form. *See Contessa Food Prod., Inc. v. Conagra, Inc*., 282 F.3d 1370, 1376 (Fed. Cir. 2002), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665 (Fed. Cir. 2008) (In considering a design patent, "the scope of the claimed design encompasses 'its visual appearance as a whole,' and in particular 'the visual impression it creates."); *see also supra* section II(b).



Therefore, this Court lacks subject matter jurisdiction over Purple's remaining patent infringement claims and the Court should dismiss the claims with prejudice.

**b.    The Court May Consider Exhibits A-E for 12(b)(6) Purposes.**

The court may consider documents attached to a 12(b)(6) motion if the documents are central to the claims at-hand and their authenticity is undisputed. *Physician's*, 2024 WL 580345, at *6 (citing *Maxcess*, 433 F.3d at 1340 n.3); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Here, Exhibits A-E for 12(b)(6) are central to Purple's patent infringement claims and their authenticity is undisputed. Exhibit A

is the parties' ████████████████████████████ that addressed Purple's claims in its complaint at the ITC Investigation and Utah Litigation, which are Exhibits B and C, respectively, and resulted in the SelectSoma product-at-issue that give rise to Purple's current claims against SelectSoma. ████████████████████████████████████████████ ████████████████████████████████████ Exhibit D also addresses the SelectSoma product-at-issue that gave rise to Purple's current claims against SelectSoma. Exhibit E are the parent patents of Purple's asserted Patent Nos D991,706 S and D990,930 S and affirms that the asserted patents were encompassed in Exhibit A as their filing dates are May 4, 2021 and April 20, 2021, respectively.

In light of the foregoing, the Court should find that Exhibits A-E are central to Purple's patent infringement claims and their authenticity undisputed. As such, the Court may consider the exhibits for 12(b)(6) purposes.

**c.    Purple's Complaint is Insufficient and It Should be Dismissed Pursuant to 12(b)(6).**

In addition to omitting relevant information in its Complaint, Purple falsely accuses SelectSoma of engaging in all the wrongdoings and misconduct generalized to the other Defendants. *See generally* Compl.; *see also supra* sections II(a), II(b), IV(b). However, even if taken as true, Purple's allegations are insufficient and fail to "raise a right to relief above the speculative level" to survive a motion under Federal Rule of Civil Procedure 12(b)(6).

For its design patent infringement claim, Purple alleges the following:

- "Defendants are improperly advertising, marketing, and/or selling unauthorized and noncompliant products…that embody the design(s) depicted in the PURPLE INNOVATION Patents (the "Counterfeit Products")."

- "The Defendants' online marketplace accounts also share unique identifiers, such as design elements and similarities of the Counterfeit Products offered for sale…"

- "On personal knowledge and belief, Defendants deceiving unknowing customers by using…PURPLE INNOVATION Patents without authorization…"

- "Defendants are and have been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Counterfeit Products that infringe directly and/or indirectly the PURPLE INNOVATION Patents."

Compl. at ¶¶ 3, 6, 32, 55. Purple includes an exemplary image of an allegedly counterfeit product but does not identify which Defendant entity it is associated with or the overall visual impressive that Purple believes is being infringed. *Id*. at ¶ 56.

Purple's allegations in its Complaint in general are mere, conclusory recitations of the claim elements. Purple never goes beyond the general. Purple does not identify the SelectSoma product that is at-issue. Even the exemplary product provided by Purple does not relate to SelectSoma, individually. Purple does not elaborate on ███████████████ or how SelectSoma's previously approved product configuration infringes Purple's design patents. There are no details whatsoever about SelectSoma or its alleged misconduct in Purple's Complaint.

Purple did elaborate generally on Defendants' conduct by alleging that:

- "Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions."

- "Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as Alibaba, AliExpress, Amazon, DHgate, eBay, Temu, and Walmart, including the Defendant Internet Stores, which were offering for sale, selling, and importing counterfeit PURPLE INNOVATION Products to consumers in this Judicial District and throughout the United States."

Compl. at ¶¶ 23, 26. However, Purple has only identified one Amazon website for SelectSoma. *See* Schedule A. And, clearly, Purple falsely asserted that SelectSoma resides in People's Republic of China or other foreign jurisdictions. *See* Ex. A at pp. 1, 4. Purple served SelectSoma at SelectSoma's address provided on its Amazon Store page which the same address that is ███████ ███████████████████████ *See* ECF No. 25. Purple cannot provide details surrounding

SelectSoma's alleged misconduct because there is none as discussed in *supra* sections II(a), II(b), and IV(a).

With its inadequate and false allegations, Purple should not be allowed to move forward with its patent infringement claim against SelectSoma and the Court should dismiss the claims with prejudice.

## V.   REQUEST FOR SELECTSOMA'S ATTORNEYS' FEES AND COSTS

SelectSoma further requests that the Court find that SelectSoma is entitled to its attorneys' fees and costs that have been and will be incurred related to this litigation ███████████ ███████████████████████

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████ Should the Court dismiss Purple's remaining patent infringement allegations against SelectSoma, SelectSoma requests that the Court also find that SelectSoma is entitled to its attorneys' fees and costs that have been and will further be incurred related to this litigation

██████████████████████████████████████████

████

## VI.    CONCLUSION

For the foregoing reasons, SelectSoma requests that the Court dismiss Purple's remaining patent infringement claims against SelectSoma with prejudice and find that SelectSoma is entitled to its attorneys' fees and costs incurred related to this litigation.

Dated:  July 10, 2024.

Respectfully submitted,

*/s/ Nardo Dorsin*
Nardo Dorsin
Florida Bar Number 126301
**POLSINELLI PC**
315 S. Biscayne Blvd., Suite 400
Miami, FL  33131
Telephone:   (305) 921-1811
Facsimile:    (305) 921-1801
ndorsin@polsinelli.com

Michael D. Pegues (Admitted *Pro Hac Vice*)
**POLSINELLI PC**
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone:  (214) 397-0030
MPegues@polsinelli.com

Melenie Van (Admitted *Pro Hac Vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  (310) 556-1801
mvan@polsinelli.com

*Counsel for Defendant Henson Holdings, LLC d/b/a SelectSoma*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing was filed and

served on the following:

Rossana Baeza
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
rbaeza@bsfllp.com
*Attorneys for Plaintiff*


*/s/ Nardo Dorsin*
Nardo Dorsin

18