# EXHIBIT C

Stephen M. Sansom (10678)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
*smsansom@hollandhart.com*

Timothy Getzoff (*pro hac vice pending*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302
Telephone: (303) 473-2700
Facsimile: (303) 473-2720
*tgetzoff@hollandhart.com*

Teague I. Donahey (*pro hac vice pending*)
Christopher C. McCurdy (*pro hac vice pending*)
Zachery J. McCraney (*pro hac vice pending*)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
Boise, Idaho 83702
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
*tidonahey@hollandhart.com*
*ccmccurdy@hollandhart.com*
*zjmccraney@hollandhart.com*

*Attorneys for Plaintiff*
*PURPLE INNOVATION, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATION, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>BEDMATE-U CO., LTD.; CHUANG FAN HANDICRAFT CO., LTD.; DONGGUAN BOUNCE TECHNOLOGY CO., LTD.; DONGGUAN JINGRUI SILICONE TECHNOLOGY CO., LTD.; FOSHAN DIRANI DESIGN FURNITURE CO., LTD.; GLOBAL OCEAN TRADING CO. LTD.; GUANG AN SHI LIN CHEN ZAI SHENG WUZI CO. LTD.; GUANG ZHOU WEN JIE SHANG MAO | **COMPLAINT**<br><br>**JURY DEMAND**<br><br>Civil No. 2:22-cv-00620-DBP<br><br>Magistrate Judge Dustin B. Pead |

YOUXIAN GONGSI CO., LTD.;
GUANGZHOU EPSILON IMPORT AND
EXPORT CO., LTD.; GUANGZHOUSHI
BAIXIANGGUO KEJI YOUXIAN GONGSI
CO. LTD.; HAIRCRAFTERS LLC;
HANGZHOU LISHANG IMPORT & EXPORT
CO., LTD.; HANGZHOU LYDIA SPORTS
GOODS CO., LTD.; HEBEI ZEYONG
TECHNOLOGY CO., LTD.; HENSON
HOLDINGS, LLC; HETAIBAO; HUBEI
SHENG BINGYI DIANZI KEJI YOUXIAN
GONGSI CO. LTD.; KAIFENG SHI LONG
TING QU CHEN YI SHANGMAO YOUXIAN
GONGSI CO., LTD.; LANKAO JUNCHANG
ELECTRONIC COMMERCE CO., LTD.; LEI
LEI WANG; LIU LIN XIAN XU BIN DIAN ZI
CHANG PIN DIAN; NANCHANG SHIRONG
BAO ER GUANGGAO YOUXIAN GONGSI
CO., LTD.; NINGBO BOLIAN IMPORT &
EXPORT CO., LTD.; NINGBO MINZHOU
IMPORT & EXPORT CO., LTD.; RUIAN XIN
YUAN GUOJI MAO YI YOUXIAN GONGSI
CO., LTD.; SHANDONG JIU HUI XINXI KEJI
YOUXIAN GONGSI CO., LTD.; SHANXI
CHAO MA XUN KEJI YOUXIAN GONGSI
CO., LTD.; SHENZHEN BAIBAIKANG
TECHNOLOGY CO., LTD.; SHENZHEN
LEADFAR INDUSTRY CO., LTD.;
SHENZHEN SHI MAI RUI KE DIANZI
SHANGWU CO., LTD.; SHENZHEN SHI XIN
SHANGPIN DIANZI SHANGWU YOUXIAN
GONGSI CO., LTD.; SHENZHEN SHI YAN
HUANG CHU HAI KEJI YOUXIAN GONGSI
CO., LTD.; SHENZHEN SHI YUXIANG
MEIRONG YONGJU YOUXIAN GONGSI
CO., LTD.; SHENZHEN TIANRUN
MATERIAL CO., LTD.; WUHAN
CHENKUXUAN TECHNOLOGY CO., LTD.;
XIAO DAWEI; XIAO XIAO PI FA SHANG
MAO YOU XIAN ZE REN GONGSI CO.;
YARU WANG; YIWU YOURU E-
COMMERCE CO., LTD.; ZHEJIANG XINHUI

<table>
<tr><td>IMPORT & EXPORT CO., LTD.; and ZHOU<br>MENG BO,<br><br>     Defendants.</td><td></td></tr>
</table>

Plaintiff Purple Innovation, LLC ("Purple"), by and through its attorneys, Holland & Hart LLP, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Purple against numerous individuals and/or entities that are making, having made, promoting, advertising, offering for sale, selling, and/or importing "knock-off" pillow and seat cushion products in violation of Purple's valid and enforceable trade dress, trademarks, and patents and are otherwise committing unfair competition under federal and state law.  Purple seeks monetary and injunctive relief in order to remedy this widespread infringement and unfair competition.

## PARTIES

2.      Purple is a limited liability company organized and existing under the laws of the State of Delaware, with an address and principal place of business located at 4100 North Chapel Ridge Road, Suite 200, Lehi, Utah 84043.

3.      On information and belief, Defendant Bedmate-U Co., Ltd. ("Bedmate-U") is a foreign corporation organized and existing under the laws of the Republic of Korea with an address and principal place of business located at 123, Sindae-gil, Gonjiam-eup, Gwangju-si, Gyeonggi-do, Republic of Korea 12801.

4.       On information and belief, Defendant Chuang Fan Handicraft Co., Ltd. ("Chuang Fan") is a foreign corporation organized and existing under the laws of the People's Republic of China with an address and principal place of business located at 598 Zhengsong Avenue, Wanquan, Pingyang, Wenzhou, Zhejiang, China 325409.

5.       On information and belief, Defendant Dongguan Bounce Technology Co., Ltd. ("Dongguan Bounce") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at No. 10, Development Road, Mowu Village, Qishi Town, Dongguan, Guangdong Province, China.

6.       On information and belief, Defendant Dongguan Jingrui Silicone Technology Co., Ltd. ("Dongguan Jingrui") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 2-5-301, Niushan Ind. Road, Dongcheng Street, Dongguan, Guangdong, China 523128.

7.       On information and belief, Defendant Foshan Dirani Design Furniture Co., Ltd. ("Dirani Design") is a foreign corporation organized and existing under the laws of the People's Republic of China with an address and principal place of business located at RA-3-026A, 3rd Floor, Bldg. A, Jiabocheng No. 189, Middle Foshan Avenue, Foshan, Guangdong, China 528000.

8.       On information and belief, Defendant Global Ocean Trading Co. Ltd. ("Global Ocean") is a foreign corporation organized and existing under the laws of the People's Republic of China with an address and principal place of business located at Room 201, 2nd Floor, No. 1 Renmin North Road, Longjiang Community, Longjiang Town, Shunde, Foshan, Guangdong, China 528318.

9.      On information and belief, Defendant Guang An Shi Lin Chen Zai Sheng Wuzi Co. Ltd. ("Guang An Shi Lin") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at No. 752, Xianzhu Road, Xianyan Street, Ouhai, Wenzhou, Zhejiang, China 325000.

10.     On information and belief, Defendant Guang Zhou Wen Jie Shang Mao Youxian Gongsi Co., Ltd. ("Guang Zhou Wen Jie") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Room 102, No. 15, Lane 111, Yusheng Road, Chenjia, Chongming, Shanghai, China 202162.

11.     On information and belief, Defendant Guangzhou Epsilon Import and Export Co., Ltd. ("Epsilon") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Room 231, 2/F, Building 10, No. 1, Erheng Road, West District Hebian Tongda Creative Park, Helong Street, Guangzhou, Guangdong, China 510000.

12.     On information and belief, Defendant Guangzhoushi Baixiangguo Keji Youxian Gongsi Co., Ltd. ("Guangzhoushi Baixiangguo") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Fengze Dong Lu 106 Hao, Zi Bian 1 Hao Lou X1301-B5235, Nansha, Guangzhou, Guangdong, China 511458.

13.     On information and belief, Defendant Haircrafters LLC ("Haircrafters") is a limited liability company of unknown origin, with an address and principal place of business located at 7022 Shallowford Road, Suite 1, Unit #532, Chattanooga, Tennessee 37421-6714.

14. On information and belief, Defendant Hangzhou Lishang Import & Export Co., Ltd. ("Hangzhou Lishang") is a foreign corporation organized and existing under the laws of the People's Republic of China with an address and principal place of business located at Room 423, South District, Zhejiang Newspaper Printing, No. 38 Xiangyuan Road, Gongshu, Hangzhou, Zhejiang, China 310015.

15. On information and belief, Defendant Hangzhou Lydia Sports Goods Co., Ltd. ("Hangzhou Lydia") is a foreign corporation organized and existing under the laws of the People's Republic of China with an address and principal place of business located at Rooms 201 and 202, Building 1, Jinjishan Village, Suoqian Town, Xiaoshan, Hangzhou, Zhejiang, China 312000.

16. On information and belief, Defendant Hebei Zeyong Technology Co., Ltd. ("Hebei Zeyong") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at North End of Fuqiang Road, Dahu Jingguan, Pengdu Township, Binhu New Area, Hengshui, Hebei, China 053000.

17. On information and belief, Defendant Henson Holdings, LLC ("SelectSoma") is a limited liability company organized and existing under the laws of Louisiana, with an address and principal place of business located at 112 Tucson Drive, Lafayette, Louisiana 70503.

18. On information and belief, Defendant Hetaibao ("Hetaibao") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Hua Ji Zhen, He Lou Xing, Zheng Cun, He Lou 1 – 1 Hao, Linquan, Anhui, China 236400.

19. On information and belief, Defendant Hubei Sheng Bingyi Dianzi Keji Youxian Gongsi Co. Ltd. ("Hubei Sheng") is a foreign corporation organized and existing under the laws

of the People's Republic of China, with an address and principal place of business located at Jiuyuhuangcheng, 6 Zhuang, 3 Danyuan, 603 Shi, Xiannvshan Jiedao Tiyuguanlu 288 Hao, Xiaogan, Hanchuan, Hubei, China 431699.

20.　　On information and belief, Defendant Kaifeng Shi Long Ting Qu Chen Yi Shangmao Youxian Gongsi Co., Ltd. ("Kaifeng") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Room 2002, Unit 2, Building 10, Phase 3, Shenghua City, Fuxing Avenue, Longting, Kaifeng, Henan, China 475000.

21.　　On information and belief, Defendant Lankao Junchang Electronic Commerce Co., Ltd. ("Lankao Junchang") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Daonan New Street, Lankao, Kaifeng, Henan, China.

22.　　On information and belief, Defendant Lei Wang ("Lei Wang") is either an individual or a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at No. 33, Hou Xiegou, Xiegou Administrative Village, Tupi Township, Fuyang, Linquan, Anhui, China 236400.

23.　　On information and belief, Defendant Liu Lin Xian Xu Bin Dian Zi Chan Pin Dian ("Liu Lin Xian Xu") is a foreign corporation organized and existing under the laws of the People's Republic of China with an address and principal place of business located at Pingtou Village, Sanjiao, Luliang, Liulin, Shanxi, China 033300.

24.　　On information and belief, Defendant Nanchang Shirong Bao Er Guanggao Youxian Gongsi Co., Ltd. ("Nanchang Shirong") is a foreign corporation organized and existing

under the laws of the People's Republic of China, with an address and principal place of business located at 3399 Ziyang Avenue, Room 2-035, Underground Commercial Plaza, Building B, Cloud City, Nanchang High-Tech Industrial Development Zone, Nanchang, Jiangxi, China 330096.

25.     On information and belief, Defendant Ningbo Bolian Import & Export Co., Ltd. ("Ningbo Bolian") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 2-3-8, No. 326 Qianhu Avenue, Dongqian Lake Tourist Resort Zone, Ningbo, Zhejiang, China 315121.

26.     On information and belief, Defendant Ningbo Minzhou Import & Export Co., Ltd. ("Ningbo Minzhou") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Room 4697, Building No. 3, Lane 3, Xijing Road, Shijingshan District, Airport Road No. 5000, Shiqi Street, Haishu, Beijing, China 100043.

27.     On information and belief, Defendant Ruian Xiu Yuan Guoji MaoYi Youxian Gongsi Co., Ltd. ("Ruian Xiu") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Luofeng, Bashuicun Kangweilu 2 Hao, Tangxia, Ruian, Wenzhou, Zhejiang, China 325000.

28.     On information and belief, Defendant Shandong Jiu Hui Xinxi Keji Youxian Gongsi Co., Ltd. ("Shandong Jiu Hui") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 112 Jiefang Road, Chia Tai Times 1204, Lixia, Jinan, Shangdong, China 250000.

29.     On information and belief, Defendant Shanxi Chao Ma Xun Keji Youxian Gongsi Co., Ltd. ("Shanxi Chao") is a foreign corporation organized and existing under the laws of the

People's Republic of China, with an address and principal place of business located at Tonggang Road, Chengbei Xinjing Community Building 1, Building 2, Unit 17B, Xinfu, Xinzhou, Shanxi, China 034000.

30.     On information and belief, Defendant Shenzhen Baibaikang Technology Co., Ltd. ("Shenzhen Baibaikang") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 6B03, West Plant, Floor 6, 2, Guangxian Plot, Bagua 3rd Road, Yuanling Street, Shenzhen, Guangdong, China 518029.

31.     On information and belief, Defendant Shenzhen Leadfar Industry Co., Ltd. ("Leadfar") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 73-E Shatian North Road, Shatian, Kengzi, Pingshan, Shenzhen, Guangdong, China 518122.

32.     On information and belief, Defendant Shenzhen Shi Mai Rui Ke Dianzi Shangwu Co. Ltd. ("Shenzhen Shi Mai") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Matian Street, Xinzhuang Community Songbai Road and South Ring Road Intersection, Yitian Holiday House 1, Unit A 1405, Shenzhen, Guangdong, China 518106.

33.     On information and belief, Defendant Shenzhen Shi Xin Shangpin Dianzi Shangwu Youxian Gongsi Co., Ltd. ("Shenzhen Shi Xin") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Mingkang Road, Zhangkeng District 2, 58 Building 1178, Longhua, Shenzhen, Guangdong, China 518131.

34.     On information and belief, Defendant Shenzhen Shi Yan Huang Chu Hai Keji Youxian Gongsi Co., Ltd. ("Shenzhen Shi Yan") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Minzhi Street, Room 701, Building 25, Shahu Old Village, Longhua, Shenzhen, Guangdong, China 518000.

35.     On information and belief, Defendant Shenzhen Shi Yuxiang Meirong Yongju Youxian Gongsi Co. Ltd. ("Shenzhen Shi Yuxiang") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 2801 B Zuo, Jingjiyujingyinxiang Er Qi, 5 Hao Niuchanglu, Pinghuan Shequ, Maluan Jiedao, Pingshan, Shenzhen, Guangdong, China 518118.

36.     On information and belief, Defendant Shenzhen Tianrun Material Co., Ltd. ("Shenzhen Tianrun") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 307, No. 2, Baoyuan 2nd District, Labor Community, Xixiang Street, Shenzhen, Guangdong, China 518000.

37.     On information and belief, Defendant Wuhan Chenkuxuan Technology Co., Ltd. ("Wuhan") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at F6, Building 1, SAGE Jishukaifa Center, 26 Binhu Road, E. Lake Xin Ji Shu Kai Fa Qu, Wuhan, Hubei, China 430040.

38.     On information and belief, Defendant Xiao Dawei ("Xiao Dawei") is an individual or foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Room 402, 4th Floor, No.137, Tongan Park, Industrial Concentration Zone, Tong'an, Xiamen, Fujian, China 361199.

39.     On information and belief, Defendant Xiao Pi Fa Shang Mao You Xian Ze Ren Gongsi Co. ("Xiao Pi Fa") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Row 40, Magnetic Kilns, Ningxiang Zhongyang, Luliang, Shanxi, China 033400.

40.     On information and belief, Defendant YaRu Wang ("YaRu Wang") is an individual or foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at No. 3, Southwest Gate Street, Renyan Village, Jicun, Fenyang, Luliang, Shanxi, China 032200.

41.     On information and belief, Defendant Yiwu Youru E-commerce Co., Ltd. ("Yiwu Youru") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at Dong Da Lu 39, Building One, Jubao Road, Choujiang Street, Yiwu, Jinhua, Zhejiang, China 322000.

42.     On information and belief, Defendant Zhejiang Xinhui Import & Export Co., Ltd. ("Zhejiang Xinhui") is a foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at No. 148, Xiazhuangli Bingjiang, Hangzhou, Zhejiang, China 310052.

43.     On information and belief, Defendant Zhou Meng Bo ("Zhou Meng Bo") is an individual or foreign corporation organized and existing under the laws of the People's Republic of China, with an address and principal place of business located at 618, Building 380, Shayuanpu Building Minzhi, Longhua, Shenzhen, Guangdong, China 51831.

## JURISDICTION AND VENUE

44.     This Court has subject matter jurisdiction over all claims in this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000; Purple is a citizen of Delaware and Utah; and Defendants are all either citizens of different states or of foreign nations.

45.     This Court also has subject matter jurisdiction over Purple's federal trade dress, trademark, and patent claims in this action under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) and (b), and this Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a) at least because they are so related to Purple's federal trade dress, trademark, and patent claims that they form part of the same case or controversy.

46.     On information and belief, this Court has specific personal jurisdiction over all Defendants for purposes of this action at least because Defendants have placed their products into the stream of commerce with the expectation they will be sold to Utah consumers and/or purposefully directed their activities toward the State of Utah by offering for sale, selling, and shipping infringing products to Utah residents; Purple's claims arise out of Defendants' activities; and the assertion of personal jurisdiction by this Court under these circumstances would be reasonable and fair.  Examples of each Defendant's specific activities giving rise to personal jurisdiction are included in Exhibits 6–43 hereto.

47.     For purposes of Purple's federal trade dress, trademark, and patent claims, upon service of process, this Court also will have personal jurisdiction over each of Defendants Bedmate-U, Chuang Fan, Dongguan Bounce, Dongguan Jingrui, Dirani Design, Global Ocean, Guang An Shi Lin, Guang Zhou Wen Jie, Epsilon, Guangzhoushi Baixiangguo, Hangzhou Lishang, Hangzhou Lydia, Hebei Zeyong, Hetaibao, Hubei Sheng, Kaifeng, Lankao Junchang, Lei

Wang, Liu Lin Xian Xu, Nanchang Shirong, Ningbo Bolian, Ningbo Minzhou, Ruian Xiu, Shandong Jiu Hui, Shanxi Chao, Shenzhen Baibaikang, Leadfar, Shenzhen Shi Mai, Shenzhen Shi Xin, Shenzhen Shi Yan, Shenzhen Yuxiang, Shenzhen Tianrun, Wuhan, Xiao Dawei, Xiao Pi Fa, YaRu Wang, Yiwu Youru, Zhejiang Xinhui, and Zhou Meng Bo (collectively, "the Foreign Defendants") pursuant to Fed. R. Civ. P. 4(k)(2) to the extent that any such Foreign Defendant is not subject to jurisdiction in any state's courts of general jurisdiction because Purple's federal patent and trademark claims arise under federal law and the exercise of personal jurisdiction would be consistent with due process.

48.    With respect to the Foreign Defendants, for purposes of all of Purple's claims, venue is proper in this district under 28 U.S.C. §§ 1391(c)(3) in that such Defendants are foreign individuals and/or entities that may be sued in any judicial district.

49.    With respect to all Defendants, for purposes of Purple's federal trade dress and trademark and state law claims, venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Utah.

### FACTUAL BACKGROUND

### Purple's Innovative Pillow and Seat Cushion Designs

50.    In the 1990s, two brothers, Terry and Tony Pearce, set out to revolutionize the comfort space.  One an expert in manufacturing and design, and the other an advanced aerospace scientist, the brothers put together a dynamic team to create innovative cushioning solutions in the State of Utah.  They soon developed a proprietary gel technology for use in mattresses, pillows, and seat cushions, Hyper-Elastic Polymer®, that delivers effective pressure relief and support.

51.     In 2015, the Pearce brothers founded Purple in order to fully commercialize their inventions.  Purple subsequently developed a variety of unique, branded, and premium comfort products, including mattresses, pillows, and seat cushions, using the Pearces' proprietary gelatinous elastomeric polymer technology.  These products have become incredibly popular in the U.S. consumer marketplace, and, to this day, they all continue to be designed and manufactured in the United States at Purple's facilities in Utah and Georgia.

52.     Purple's unique mattresses, pillows, and seat cushions all utilize the same overall product design, or "look-and-feel," that has become distinctive and widely known to consumers in the U.S. marketplace as being associated with Purple.  These mattresses, pillows, and seat cushions utilize an elastomer material that, consistent with Purple's unique and trademarked company name, is uniformly colored purple.  Further, the elastomer material in these mattresses, pillows, and seat cushions is formed into a repeating "grid" pattern of varying shapes.  Purple has valid and enforceable trade dress (hereinafter, "Purple Trade Dress"), trademark, design patent, and utility patent rights associated with these features.

53.     For example, exemplary images of Purple's Purple® Pillow are shown below:





54.    An exemplary image of the Purple® Harmony™ Pillow is shown below:

15



55.     An exemplary image of Purple's Royal Seat Cushion™ is shown below:



56.     Purple has valid and enforceable federal and state trade dress, trademark, and patent rights, among other intellectual property rights, associated with these features, as detailed herein.

### Purple's Trade Dress

57.     Purple owns protectable rights in the Purple Trade Dress.  Purple's mattresses, pillows, and seat cushions have certain design elements that, taken together, constitute the Purple Trade Dress and serve to identify the source of Purple's mattresses, pillows, and seat cushions and distinguish them from other commercially-available mattresses, pillows, and seat cushions. Purple's use of the Purple Trade Dress is readily observable in advertising and marketing materials

16

displayed to the general consuming public.  Exemplary images showing use of the Purple Trade

Dress in such advertising and marketing materials are shown below:










58. As reflected above, the Purple Trade Dress specifically includes the following elements in combination: (1) the use of an elastomeric material that is uniformly and distinctively purple in color, although the particular tint and shade of purple may vary for different products; and (2) the elastomeric material is shaped into a repetitive grid pattern, such as a pattern of repeating triangles, squares, or hexagons.

59. The Purple Trade Dress is distinctive and has acquired secondary meaning based on, *inter alia*: (1) years of continuous and substantially exclusive use of the Purple Trade Dress in connection with Purple's mattresses, pillows, and seat cushions; (2) extensive Purple advertising and promotional activities, essentially all of which features Purple mattress, pillow, and seat cushion products utilizing the Purple Trade Dress; (3) Purple's extensive sales to customers and end users of Purple mattresses, pillows, and seat cushions utilizing the Purple Trade Dress; (4) extensive unsolicited media coverage and third-party awards and recognition concerning Purple mattresses, pillows, and seat cushions utilizing the Purple Trade Dress; and (5) intentional and

widespread copying of the Purple Trade Dress on mattresses, pillows, and seat cushions sold by third-party competitors and sellers, including the Defendants in this action.

60.     As a result of such factors, the Purple Trade Dress has acquired distinctiveness and obtained secondary meaning in the minds of consumers, and consumers have come to recognize the Purple Trade Dress and rely upon that trade dress as an indicator of the source and quality of Purple's mattress, pillow, and seat cushion products.

61.     The entirety of elements that constitutes the Purple Trade Dress is non-functional. For example, there is no utilitarian or manufacturing advantage connected with mattresses, pillows, and seat cushions having a repetitive grid pattern that is colored purple, and the use of the color purple on any such grid pattern imparts no competitive advantage over the use of other colors.  As such, competitors in the mattress, pillow, and seat cushion marketplace have many other commercial alternatives to using the Purple Trade Dress when making and selling mattresses, pillows, and seat cushions.

**Purple's Registered Trademarks**

62.     Purple is the owner of United States Trademark Registration No. 5,661,556 ("the '556 Mark), which issued on January 22, 2019, on the Principal Register of the United States Patent and Trademark Office.  This registration is for the word mark PURPLE for pillows, bed pillows, head supporting pillows, and neck-supporting pillows.  A true and correct copy of this registration is attached hereto as Exhibit 1.  The registration is valid and has never been cancelled.

63.     Purple is the owner of United States Trademark Registration No. 6,551,053 ("the '053 Mark), which issued on November 9, 2021, on the Principal Register of the United States Patent and Trademark Office.  This registration is for the word mark PURPLE for seat cushions.

A true and correct copy of this registration is attached hereto as Exhibit 2. The registration is valid and has never been cancelled.

64. Purple has sold pillow products continuously in United States commerce under the PURPLE trademark since at least September 2016. Purple has sold seat cushion products continuously in United States commerce under the PURPLE trademark since at least June 2015. Purple's pillows and seat cushions are advertised and sold under the PURPLE trademark at least in brick-and-mortar retail stores, through Purple's website, and on-line via third-party retailers (*e.g.*, Amazon.com). Purple's pillow and seat cushion products have been featured in dozens of media articles and widely marketed and followed on social media.

65. Purple has invested substantial time, effort, and financial resources promoting its pillows and seat cushions under the PURPLE trademark in connection with the marketing and sale of pillows and seat cushions in interstate commerce. Purple's PURPLE trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Purple, its quality products, and its goodwill. The consuming public recognizes the PURPLE trademark and associates it with Purple.

**Purple's Design Patent**

66. Purple is the owner by assignment of the entire right, title, and interest in U.S. Patent No. D909,092 ("the D092 Patent"), entitled "Pillow," which issued on February 2, 2021, naming Tony Pearce and Russell Whatcott as inventors. The D092 Patent was duly and legally issued and is still in full force and effect. A true and correct copy of the D092 Patent is attached hereto as Exhibit 3.

**Purple's Utility Patents**

67.     Purple is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 10,772,445 ("the '445 Patent"), entitled "Pillow Including Gelatinous Elastomer Cushion Having Deformable Wall Members and Related Methods," which issued on September 15, 2020, naming Tony Pearce and Shawn Moon as inventors.  The '445 Patent was duly and legally issued and is still in full force and effect.  A true and correct copy of the '445 Patent is attached hereto as Exhibit 4.

68.     Purple is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 10,863,837 ("the '837 Patent"), entitled "Pillow Including Gelatinous Elastomer Cushioning Materials," which issued on December 15, 2020, naming Tony Pearce, Shawn Moon, and John Abel as inventors.  The '837 Patent was duly and legally issued and is still in full force and effect.  A true and correct copy of the '837 Patent is attached hereto as Exhibit 5.

**Defendants' Infringements and Unfair Competition**

69.     As a result of the overwhelming popularity of Purple's products, including specifically its pillows and seat cushions, Purple's business has been expanding rapidly and its revenue growth and profitability has been remarkable.  But with Purple's explosive growth and newfound popularity has come new challenges.  Recently, Purple has become the victim of innumerable "knock-off" products imported into the United States from the People's Republic of China and elsewhere and sold by numerous entities, including the Defendants, through a variety of on-line marketing channels such as Amazon.com, Alibaba.com, and the like.  Although they are made to closely resemble Purple products, these knock-offs are generally of inferior quality and sold at discounted prices relative to Purple's pillows and seat cushions.

70.     As one example of the unfair knock-off problem that Purple is facing, below are marketing images from on-line sources comparing a number of Purple pillow products with corresponding products being sold by Defendant Ningbo Bolian on Amazon.com:

| Purple Product | Infringing Berklan Product |
|---|---|
| Purple® Harmony™ Pillow ($179.00) | "Purple Harmony Pillow" ($76.99) |
|  |  |
| Purple® Pillow (N/A) | "Purple Pillow" ($69.99) |
|  |  |



| Purple Product | Infringing Berklan Product |
|---|---|
| Purple® Pillow (with Adjustable Boosters) ($134.00) | "Purple Pillow with Adjustable Boosters" ($75.99) |
| Kid's Purple® Pillow ($79.00) | "Purple Kid Pillow" ($59.99) |

71. Such knock-offs constitute blatant attempts to copy Purple's unique product technology and appearance, to trade off of Purple's significant consumer goodwill, and to deceive consumers into purchasing the knock-off products at a discounted price believing them to be affiliated with Purple. Proposed Respondents' improper activities constitute unfair competition and trademark infringement under federal and common law. They also constitute infringement of at least three of Purple's federally-issued patents.

72. In response to these new challenges, Purple has worked vigorously in an effort to enhance its intellectual property portfolio and police its intellectual property rights, all on an international basis. Because much of the infringing activity has taken place on-line, Purple itself has expended significant resources investigating on-line infringing activities and has repeatedly been forced to issue product "take-down requests" with respect to prominent on-line platforms such as Amazon. Purple has also sent numerous cease-and-desist letters to infringers. Purple has also requested website removals through ICANN for infringing website activity using Purple's intellectual property. But as Purple's business and products have grown more successful, the infringements have only increased, and Purple has become overwhelmed by the seemingly never-ending volume of infringing activity coming from a variety of often unknown sources overseas. Through this proceeding, Purple seeks to bring this rampant infringing activity to an end.

73. Further details concerning examples of Defendants' specific infringements of Purple's trade dress, trademarks, and patents and unfair competition under federal and state law is set forth below and in the attached exhibits.

## FIRST CLAIM FOR RELIEF

### (Violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a)—Trade Dress)
### (Against All Defendants)

74. Paragraphs 1 through 73 are incorporated herein by reference.

75. Purple has used the distinctive Purple Trade Dress for its mattress, pillow, and seat cushion products in interstate commerce continuously since at least September 2015. Purple has invested substantial time, effort, and financial resources promoting its Purple Trade Dress in

connection with the marketing and sale of its mattresses, pillows, and seat cushions in interstate commerce.

76.     The Purple Trade Dress has secondary meaning in the marketplace in that consumers associate the Purple Trade Dress with a single source of origin.

77.     The entirety of the elements included in the Purple Trade Dress, taken as a whole, are non-functional.

78.     Defendants manufacture, distribute, advertise, offer for sale, and/or sell pillows and/or seat cushions in interstate commerce that utilize a trade dress that is identical or substantially similar to the Purple Trade Dress.

79.     Defendants' manufacture, distribution, advertising, offering for sale, and/or selling of products using the Purple Trade Dress is likely to cause confusion on the part of purchasers and potential purchasers and creates express and implied misrepresentations that those goods were created, authorized or approved by Purple, which will damage both Purple and the public and which will profit Defendants

80.     Purple did not authorize or license Defendants to use the Purple Trade Dress on or in connection with the infringing pillows and seat cushions.

81.     Defendants' conduct constitutes trade dress infringement and a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).   Specific examples of each Defendant's infringement of the Purple Trade Dress are provided in Exhibits 6–43, attached hereto.

82.     On information and belief, Defendants have willfully infringed the Purple Trade Dress at least because they intentionally copied the Purple Trade Dress and have manufactured, distributed, advertised, offered for sale, and/or sold the infringing pillows and seat cushions using

the Purple Trade Dress with the intention of misleading, deceiving, or confusing consumers as to

the origin of their goods and of trading on Purple's reputation and goodwill.

83.     As a direct and proximate result of Defendants' infringement of the Purple Trade

Dress, Purple has suffered and will continue to suffer irreparable loss of income, profits, and

goodwill, and Defendants have unfairly acquired and will continue to unfairly acquire income,

profits, and goodwill.

84.     Defendants' acts of infringement of the Purple Trade Dress will cause further

irreparable injury to Purple if Defendants are not restrained by this Court from further violation of

Purple's rights.  Purple has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Trademark Registration No. 5,661,556)**
**(Against Dirani Design, Hangzhou Lishang, Hangzhou Lydia, Kaifeng, Lankao Junchang,**
**Ningbo Bolian, Ningbo Minzhou, Ruian Xiu, Shanxi Chao, Shenzhen Baibaikang,**
**Shenzhen Tianrun, and Zhejiang Xinghui (collectively, "the '556 Defendants"))**

85.     Paragraphs 1 through 73 are incorporated herein by reference.

86.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person

from using in United States commerce any reproduction, counterfeit, copy, or colorable imitation

of a registered mark in connection with the sale, offering for sale, distribution, or advertising of

any goods or services on or in connection with which such use is likely to cause confusion, or to

cause mistake, or to deceive.

87.     Section 32(1)(b) of the Lanham Act, 15 U.S.C. § 1114(1)(b), prohibits any person

from reproducing, counterfeiting, copying, or colorably imitating a registered mark and applying

such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages,

wrappers, receptacles or advertisements intended to be used in United States commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

88.     Purple is the owner of the '556 Mark covering the word mark PURPLE as used with pillows, bed pillows, head supporting pillows, and neck-supporting pillows.

89.     At least the '556 Defendants, without Purple's consent or authorization, have (a) used the '556 Mark in connection with selling pillow products in United States commerce, and/or (b) have at least colorably imitated the '556 Mark and applied such colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in United States commerce upon or in connection with the sale, offering for sale, distribution, or advertising of pillow products.  All such use of the '556 Mark by the '556 Defendants, including the importation, sale, offer for sale, and/or distribution of infringing pillows in United States commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that the '556 Defendants' pillow products emanate or originate from Purple, or that Purple has approved, sponsored, or otherwise associated itself with the '556 Defendants or their infringing pillows.

90.     Through the unauthorized use of the '556 Mark, the '556 Defendants are unfairly benefiting from and misappropriating Purple's goodwill and reputation.  This has resulted in substantial and irreparable injury to the public and to Purple.

91.     Upon information and belief, at all relevant times, the '556 Defendants had actual and direct knowledge of Purple's prior use and ownership of the '556 Mark.  Defendants' conduct

is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with Purple, the Purple pillows, and the '556 Mark.

92.     The '556 Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Specific examples of each '556 Defendant's infringement of the '556 Mark are provided in Exhibits 6–43, attached hereto.

93.     The '556 Defendants' wrongful acts will continue unless enjoined by this Court.

94.     The '556 Defendants' acts have caused, and will continue to cause, irreparable injury to Purple. Purple has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Trademark Registration No. 6,551,053)
### (Against Guang An Shi Lin, Guangzhoushi Baixiangguo, Ningbo Bolian, Ningbo Minzhou, SelectSoma, Shandong Jiu Hui, Shenzhen Shi Xin, Wuhan, and Zhou Meng Bo (collectively, "the '053 Defendants"))

95.     Paragraphs 1 through 73 are incorporated herein by reference.

96.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in United States commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

97.     Section 32(1)(b) of the Lanham Act, 15 U.S.C. § 1114(1)(b), prohibits any person from reproducing, counterfeiting, copying, or colorably imitating a registered mark and applying such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages,

wrappers, receptacles or advertisements intended to be used in United States commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

98.     Purple is the owner of the '053 Mark covering the word mark PURPLE as used with seat cushions.

99.     At least the '053 Defendants, without Purple's consent or authorization, have (a) used the '053 Mark in connection with selling seat cushion products in United States commerce, and/or (b) have at least colorably imitated the '053 Mark and applied such colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in United States commerce upon or in connection with the sale, offering for sale, distribution, or advertising of seat cushion products.  All such use of the '053 Mark by the '053 Defendants, including the importation, sale, offer for sale, and/or distribution of infringing seat cushions in United States commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that the '053 Defendants' seat cushion products emanate or originate from Purple, or that Purple has approved, sponsored, or otherwise associated itself with the '053 Defendants or their infringing seat cushions.

100.    Through the unauthorized use of the '053 Mark, the '053 Defendants are unfairly benefiting from and misappropriating Purple's goodwill and reputation.  This has resulted in substantial and irreparable injury to the public and to Purple.

101.    Upon information and belief, at all relevant times, the '053 Defendants had actual and direct knowledge of Purple's prior use and ownership of the '053 Mark.  Defendants' conduct

is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with Purple, the Purple seat cushions, and the '053 Mark.

102. The '053 Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Specific examples of each '053 Defendant's infringement of the '053 Mark are provided in Exhibits 6–43, attached hereto.

103. The '053 Defendants' wrongful acts will continue unless enjoined by this Court.

104. The '053 Defendants' acts have caused, and will continue to cause, irreparable injury to Purple. Purple has no adequate remedy at law and is thus damaged in an amount not yet determined.

### FOURTH CLAIM FOR RELIEF

**(Violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a)—Word Marks)**
**(Against the '556 Defendants and the '053 Defendants)**

105. Paragraphs 1 through 73 are incorporated herein by reference

106. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits any person from using in United States commerce, *inter alia*, any word, term, or name, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

107. The '556 Defendants and the '053 Defendants' unauthorized use in United States commerce of the '556 Mark, the '053 Mark, and accompanying misleading language in connection with the distribution, advertising, promotion, offering for sale, and/or sale of infringing pillow and

seat cushion products constitutes use of a word, term, or name, or combinations thereof, that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Purple and as to the origin, sponsorship, association, or approval of the '556 Defendants and the '053 Defendants' infringing pillow and seat cushion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

108.     The '556 Defendants and the '053 Defendants' actions as alleged herein, including but not limited to their unauthorized use in United States commerce of the '556 Mark, the '053 Mark, and accompanying misleading language constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of the '556 Defendants and the '053 Defendants with Purple and as to the origin, sponsorship, association, or approval of the '556 Defendants and the '053 Defendants' infringing pillow and seat cushions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

109.     The '556 Defendants and the '053 Defendants' acts constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Specific examples of each '556 Defendant's and '053 Defendant's unfair competition are provided in Exhibits 6–43, attached hereto.

110.     Upon information and belief, at all relevant times, the '556 Defendants and the '053 Defendants had actual and direct knowledge of Purple's prior use and ownership of the '556 Mark and '053 Mark.  Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with Purple, the Purple pillows and seat cushions, the '556 Mark, and the '053 Mark.

111. The '556 Defendants and the '053 Defendants' wrongful acts will continue unless enjoined by this Court.

112. The '556 Defendants and the '053 Defendants' acts have caused, and will continue to cause, irreparable injury to Purple. Purple has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. D909,092)**
**(Against Chuang Fan, Dongguan Jingrui, Epsilon, Global Ocean, Hangzhou Lydia, Hebei Zeyong, Liu Lin Xian Xu, Ningbo Bolian, Ningbo Minzhou, Shenzhen Baibaikang, and Shenzhen Tianrun (collectively, "the D092 Defendants"))**

113. Paragraphs 1 through 73 are incorporated herein by reference.

114. The D092 Defendants have directly infringed and continue to directly infringe the D092 Patent, literally and/or under the doctrine of equivalents, by offering for sale and/or selling in the United States and/or importing into the United States pillow cushions that embody the ornamental design claimed and depicted in the D092 Patent without authority or license from Purple.

115. Claim charts and related documentation detailing how specific pillow cushions offered for sale and/or sold in the United States and/or imported into the United States by each D092 Defendant infringe the ornamental design claimed and depicted in the D092 Patent are contained in Exhibits 6–43, attached hereto.

116. Purple has complied with the marking requirements of 35 U.S.C. § 287.

117.    Purple has suffered injury, including irreparable injury, as a result of the D092 Defendants' infringement.  Purple is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining the D092 Defendants from infringing the D092 Patent.

118.    By reason of the D092 Defendants' infringement, Purple is suffering and will continue to suffer substantial damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 10,772,445)**
**(Against Chuang Fan, Dongguan Jingrui, Epsilon, Global Ocean, Hangzhou Lishang, Hangzhou Lydia, Hebei Zeyong, Lankao Junchang, Leadfar, Liu Lin Xian Xu, Ningbo Bolian, Ningbo Minzhou, Shanxi Chao, Shenzhen Baibaikang, Shenzhen Tianrun, YaRu Wang, Yiwu Youru, Zhejiang Xinhui (collectively, "the '445 Defendants"))**

119.    Paragraphs 1 through 73 are incorporated herein by reference.

120.    The '445 Defendants have directly and indirectly infringed and continue to directly and indirectly infringe the '445 Patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) by offering for sale and/or selling in the United States and/or importing into the United States pillows that embody one or more claims of the '445 Patent without authority or license from Purple.

121.    Claim charts and related documentation detailing how specific pillows offered for sale and/or sold in the United States and/or imported into the United States by each '445 Defendant infringe at least one claim of the '445 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) are contained in Exhibits 6–43, attached hereto.

122.    Purple has complied with the marking requirements of 35 U.S.C. § 287.

123. Purple has suffered injury, including irreparable injury, as a result of the '445 Defendants' infringement. Purple is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining the '445 Defendants from infringing the '445 Patent.

124. By reason of the '445 Defendants' infringement, Purple is suffering and will continue to suffer substantial damages in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 10,863,837)**
**(Against Bedmate-U, Dirani Design, Kaifeng, and Ningbo Bolian (collectively, "the '837 Defendants"))**

125. Paragraphs 1 through 73 are incorporated herein by reference.

126. The '837 Defendants have directly and indirectly infringed and continue to directly and indirectly infringe the '837 Patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c) by offering for sale and/or selling in the United States and/or importing into the United States pillows that embody one or more claims of the '837 Patent without authority or license from Purple.

127. Claim charts and related documentation detailing how specific pillows offered for sale and/or sold in the United States and/or imported into the United States by each '837 Defendant infringe at least one claim of the '837 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c) are contained in Exhibits 6–43, attached hereto.

128. Purple has complied with the marking requirements of 35 U.S.C. § 287.

129. Purple has suffered injury, including irreparable injury, as a result of the '445 Defendants' infringement. Purple is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining the '445 Defendants from infringing the '445 Patent.

130.    By reason of the '445 Defendants' infringement, Purple is suffering and will continue to suffer substantial damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (Violations of Utah Unfair Competition Act, Utah Code § 13-5a-101 *et seq.*)
### (Against All Defendants)

131.    Paragraphs 1 through 73 are incorporated herein by reference.

132.    Defendants' conduct has been at least unlawful and unfair and constitutes unfair competition within the meaning of Utah Code § 13-5a-102(4).

133.    Purple has been injured by Defendants' acts of unfair competition.

134.    Defendants' wrongful acts will continue unless enjoined by this Court.

135.    Defendants' acts have caused, and will continue to cause, irreparable injury to Purple.  Purple has no adequate remedy at law and is thus damaged in an amount not yet determined.

136.    Pursuant to Utah Code § 13-5a-103, Purple is specifically entitled to at least an award of actual damages in an amount to be proven at trial, attorneys' fees and costs, and punitive damages.

## NINTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)
### (Against All Defendants)

137.    Paragraphs 1 through 73 are incorporated herein by reference.

138.    Defendants' conduct constitutes common law unfair competition.

139.    Defendants' wrongful acts will continue unless enjoined by this Court.

140.    Defendants' acts have caused, and will continue to cause, irreparable injury to Purple.  Purple has no adequate remedy at law and is thus damaged in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Purple requests judgment against Defendants as follows:

A.    That all Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) by infringing upon the Purple Trade Dress and/or otherwise engaging in unfair competition within the meaning of the statute;

B.    That at least the '556 Defendants have infringed U.S. Trademark Registration No. 5,661,556;

C.    That at least the '053 Defendants have infringed U.S. Trademark Registration No. 6,551,053;

D.    That at least the D092 Defendants have infringed the ornamental design claimed in U.S. Patent No. D909,092;

E.    That at least the '445 Defendants have infringed one or more claims of U.S. Patent No. 10,772,445;

F.    That at least the '837 Defendants have infringed one or more claims of U.S. Patent No. 10,863,837;

G.    That Purple is entitled to an injunction prohibiting all Defendants, and their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from manufacturing, distributing, providing, selling, offering to sell, importing into the United States,

marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, offer to sell, import into the United States, market, advertise, or promote any goods having the Purple Trade Dress or any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof;

  H. That Purple is entitled to an injunction prohibiting at least the '556 Defendants, and their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from manufacturing, distributing, providing, selling, offering to sell, importing into the United States, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, offer to sell, import into the United States, market, advertise, or promote any pillows and/or similar goods using the word "Purple" or any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof, or which otherwise infringe U.S. Trademark Registration No. 5,661,556;

  I. That Purple is entitled to an injunction prohibiting at least the '053 Defendants, and their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from manufacturing, distributing, providing, selling, offering to sell, importing into the United States, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, offer to sell, import into the United States, market, advertise, or promote any seat cushions and/or similar goods using the word "Purple" or any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof, or which otherwise infringe U.S. Trademark Registration No. 6,551,053;

J.      That Purple is entitled to an injunction prohibiting at least the D092 Defendants, and their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from directly or indirectly manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, any pillows and/or similar goods that infringe, either literally or under the doctrine of equivalents, the ornamental design claimed in U.S. Patent No. D909,092 or otherwise directly infringing, contributorily infringing, or inducing infringement of U.S. Patent No. D909,092;

K.      That Purple is entitled to an injunction prohibiting at least the '445 Defendants, and their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from directly or indirectly manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, any pillows and/or similar goods that infringe any invention claimed in U.S. Patent No. 10,772,445, either literally or under the doctrine of equivalents, or otherwise directly infringing, contributorily infringing, or inducing infringement of U.S. Patent No. 10,772,445;

L.      That Purple is entitled to an injunction prohibiting at least the '837 Defendants, and their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from directly or indirectly manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, any pillows and/or similar goods that infringe any invention claimed in U.S. Patent No. 10,863,837, either literally or under the doctrine of

38

equivalents, or otherwise directly infringing, contributorily infringing, or inducing infringement of U.S. Patent No. 10,863,837;

M.      That Defendants their employees, agents, officers, directors, successors, affiliates, subsidiaries, privies, and assigns, and all those in active concert and participation with any of the foregoing persons and entities, be ordered to deliver to this Court, for destruction, all products infringing on, directly or otherwise, the Purple Trade Dress, whether protected under federal law and/or common law; U.S. Trademark Registration Nos. 5,661,556 or 6,551,053; U.S. Patent No. D909,092; and/or U.S. Patent Nos. 10,772,445 or 10,863,837;

N.      That Defendants be ordered to file with the Court and serve upon Purple's counsel within thirty (30) days after service of any injunction issued in this action, or such extended period(s) as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied;

O.      That Purple be awarded compensatory damages in an amount three times the amount of its actual damages, and in no event less than a reasonable royalty;

P.      That Purple be awarded all profits realized by Defendants for their wrongful acts, enhanced as appropriate to compensate Purple for the damages caused thereby;

Q.      That Purple be awarded punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement;

R.      That this case is exceptional for purposes of 15 U.S.C. § 1117 and 35 U.S.C. § 285 and that Defendants be ordered to pay to Purple its reasonable attorneys' fees;

S.      That Defendants be ordered to pay the costs of this action;

T.       That Defendants be ordered to pay Purple interest, including prejudgment and post-

judgment interest, on the foregoing sums; and

U.       That the Court grant to Purple all other and further relief as the Court deems just

and proper.

## **JURY DEMAND**

Purple demands trial by jury on all issues so triable.


DATED this 22nd day of September, 2022.

HOLLAND & HART LLP

*/s/ Stephen M. Sansom*
Stephen M. Sansom

Attorneys for Plaintiff
PURPLE INNOVATION, LLC